WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Allen Stanhope,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　Respondents. | No. CV-14-0310-TUC-BPV<br><br>**ORDER** |

On January 8, 2014, Gregory Allen Stanhope, ("Petitioner"), an inmate confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus by a person in state custody, pursuant to title 28, U.S.C. § 2254. (Doc. 1.)[1] Before this Court are the Petition, with accompanying exhibits, Respondents' Limited Answer with accompanying exhibits (Doc. 20), and Petitioner's Reply with accompanying exhibits (Doc. 31).

In accordance with provisions of Title 28, U.S.C. § 636(c)(1), all parties consented to proceed before a United States Magistrate Judge to conduct any and all further proceedings in this case, including trial and entry of a final judgment, with direct review by the Ninth Circuit Court of Appeals if an appeal is filed. (Doc. 19.)

For the reasons discussed below, the Magistrate holds this case in abeyance pending submission of an amended petition advancing only claims that are not "second or successive" or authorization from the court of appeals to pursue successive claims.

---

[1] "Doc." refers to the documents in this Court's file.

**I.      Factual and Procedural Background**

    A.      <u>Factual and Procedural Background</u>

Petitioner was indicted in Arizona Superior Court, Pima County, cause number CR08635, on July 6, 1982, and charged with two counts of armed robbery, two counts of kidnapping, two counts of aggravated assault, and one count of burglary. (Reply, Ex. One, Indictment.) The following factual and procedural background is taken from the Arizona Court of Appeal's opinion on Petitioner's direct appeal:

> The appellant was found guilty by a jury of two counts each of armed robbery, kidnapping and aggravated assault, and one count of first degree burglary. All of these convictions arose out of an incident at a retail sho[e] store in Tucson on June 23, 1982. The appellant was sentenced to prison for concurrent 21-year terms on each of the robbery counts, concurrent 21-year terms on each of the kidnappings to be served consecutively to the robbery sentences, and concurrent 15-year terms on each of the assaults and the burglary, the latter three sentences to be served consecutively to the robbery and kidnapping sentences.

*State v. Stanhope*, 139 Ariz. 88, 90 (App. 1984).[2] The appellate court affirmed Petitioner's convictions and sentences. *Id.* Petitioner filed four petitions for post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure in the state court, and unsuccessfully petitioned this Court for a writ of habeas corpus in March 1998. *See id.*, CV 98-112-TUC-RCC (Docs. 1, 67, 77)[3]. The Ninth Circuit affirmed this Court's denial of habeas relief in August 2002. *Stanhope v. Stewart*, 2002 WL 1996510

---

[2] Statements drawn from the state appellate court's decision are afforded a presumption of correctness that may be rebutted only by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1)("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."); *Wainright v. Witt*, 469 U.S. 412, 426 (1985) (state court's findings are entitled to a presumption of correctness); *Runningeagle v. Ryan*, 686 F.3d 758, 762, n.1 (9th Cir. 2012)(statement of facts drawn from the state appellate court's decision is afforded a presumption of correctness that may be rebutted only by clear and convincing evidence); *Moses v. Payne*, 555 F.3d 742, 746 n. 1 (9th Cir. 2009)(same).

[3] This Court hereby takes judicial notice of the records in case CV 07-002-TUC-DCB and CV 98-112-TUC-RCC. See Fed.R.Evid. 201(b)(2); *see also United States v. Wilson*, 631 F.2d 118, 119–20 (9th Cir. 1980) (stating that judicial notice may be taken of a court's records in other cases, or the records of an inferior court in another case).

(9th Cir. 2002).

Petitioner initiated a fifth petition for post-conviction relief in state court on June 26, 2000, that was denied in 2001. (Answer, Ex. A, B.) In 2005, Petitioner filed a special action in the trial court alleging due process violations from prison disciplinary proceedings that ended in 2006. (Answer, Ex. C.) On June 1, 2005, Petitioner initiated a sixth post-conviction proceeding in the trial court that was denied in 2007. (Answer, Ex. D, E.) Petitioner filed a second petition for writ of habeas corpus in this Court in January 2007. *See* CV 07-002-TUC-DCB, (Doc. 1). This Court found that Petitioner's due process rights had been violated at one prison disciplinary proceeding and ordered that the State remedy the violation by either restoring 60 days of earned release credits ("ERCs") or give Petitioner a new hearing. *See id.* (Doc. 24). On November 12, 2012, the Ninth Circuit affirmed the Court's finding, and the State subsequently filed a notice of satisfaction of judgment, providing evidence that 60 days of ERCs had been restored to Petitioner. *Id.*, (Docs. 68, 69).

While Petitioner's appeal of this Court's decision on his second petition for writ of habeas corpus was pending, Petitioner filed a "Motion for Goodtime Jail Credits Pursuant to ARS § 41-1604.07(A)" in state court in February 2011. The court appointed counsel and set a briefing schedule and a hearing date. (Reply, Ex. Two.) Two additional motions, unidentified in this record, were subsequently filed by Petitioner, and forwarded to his appointed counsel, whom the court referred to as his counsel appointed to represent him in his "Rule 32 proceedings." (*See id.*, Ex. Three, Court Order dated April 19, 2011.) On July 12, 2011, Petitioner filed an amended motion asserting that in addition to the ERCs to which Petitioner was entitled, he was improperly denied a commutation hearing. (Reply, Ex. Four.) On August 9, 2011, Petitioner's appointed counsel, Emily Danies, Esq., filed a "Notice of Relief from Department of Corrections in Lieu of Rule 32 Petition" stating that the ADOC had informed her that Petitioner was not eligible for commutation since it was within one year of the conclusion of the first part of the consecutive sentence, and that ADOC had recalculated Petitioner's sentence to include 21 days of presentence credit previously denied. (Answer, Ex. I.) Ms. Danies also sent

Petitioner a letter informing him that Petitioner's ERCs would be included in the next calculation of his time, and that the commutation hearing cannot occur during the last year of a sentence. (Reply, Ex. Eight.)

Thereafter, Petitioner filed, *pro se*, a notice of a seventh post-conviction proceeding in the trial court on January 6, 2012. (Answer, Ex. F.) The trial court ordered that Petitioner's previous counsel transfer her records to Petitioner. (*Id.*, Ex. G.) Petitioner's counsel filed a notice of transmittal of file. (*Id.*, Ex. H.) She also filed a response to a notice she had received from Petitioner. (*Id.*, Ex. I.) On April 11, 2012, Petitioner filed his PCR petition, asserting that the Arizona Department of Corrections ("ADOC") had failed to properly credit him with ERCs to which he believed he was entitled, based on 2002 amendments to the governing statues, and that ADOC had improperly failed to provide him with a commutation hearing. (Answer, Ex. J.) Petitioner simultaneously filed a "Motion to Have Witnesses Called to Testify a[t] the Rule 32 Evidentiary Hearing, Production of Documents Request." (Answer, Ex. K.)

The trial court denied Petitioner's motion for witnesses as premature (Answer, Ex. N) and denied Petitioner's request for relief on the merits and dismissed his seventh PCR. (Answer, Ex. P). The court further denied Petitioner's motion for rehearing. (Answer, Exs. Q-R.)

Petitioner filed a petition for review from the trial court's denial of PCR relief in the court of appeals. The appellate court granted review, but denied relief, finding Petitioner's claims not cognizable under Rule 32, Ariz.R.Crim.P. (Answer, Ex. V, ¶ 4.) Petitioner's motion for reconsideration of the decision was denied. (Answer, Exs. W-X.)

The Arizona Supreme Court denied a petition for further review and a request for an evidentiary hearing on December 20, 2013. (Ex. Y-Z.)

D.   Federal Habeas Petition

Peralta filed his third petition for writ of habeas corpus in this Court on January 8, 2014. (Doc. 1.) Petitioner presents seven grounds for relief:

> (1) "Whether the Arizona Dept of Corrections erred in its calculation of Stanhope's earned release credits. The 2002 change in the law was a

- 4 -

'significant change in the law' that would affect the amount of time Stanhope would have to spend in prison. The change in law was intended by the Legislature to be applied retroactively, and Stanhope had a fundamental right to have the change in law applied to his sentence, and a due process right under the 14th Amend. to the U.S. Constitution to have the change in law applied properly. The ADC did not apply the newly awarded ERC's to [Petitioner's] currently served sentence."

(2) "Whether the Arizona Dept. of Corrections (ADC) improperly denied Petitioner a timely commutation hearing."

(3) "Whether the trial court erred and abused its discretion in ruling on material facts and making conclusions of law when deciding Petitioner['s] claims without holding an evidentiary hearing."

(4) "Whether the claims[]s raised by Petitioner were cognizable under Rule 32."

(5) "Did Stanhope factually still have more than one year left before earliest release date (PED-2-10-2012) when commute application was submitted on 1-18-2011? With a[n] offense date of June/1982, was the implementation of the 'one year to earliest release date' rule used to exclude/deny eligibility for a commute hearing a[n] 'ex post facto' change in the law and so unconstitutional when applied to Petitioner? Did AZ Atty. General Tom Horne, Asst. Atty. General Paul E. Carter enter into a conspiracy to coverup the fact that ADC had miscalculated Stanhope's release date?"

(6) "Is the Arizona State Court of Appeals, Div. II's finding that Petitioner is not entitled to ERC relief pursuant to the State Rule 32 process in conflict with Div. I of the State Court of Appeals finding in State v. Davis, 148 Ariz. 62, 64-65 (1985)[,] where they granted relief pursuant to the State Rule 32 process? Would this Court clarify that conflict?"

(7) "Was Petition[er] correct to rely on court[-]appointed attorney Emily Davies and the Arizona State Superior Court trial judge, that Rule 32 was the proper venue to bring these ERC and commutation claims?"

**II.   Discussion**

Respondents contend in their answer that the Court lacks jurisdiction over

- 5 -

Petitioner's first claim, as an unauthorized successive petition, and that the remaining claims are non-cognizable on habeas review. Respondents also assert that Petitioners first, second and seventh claims are procedurally defaulted, and that Petitioner is not entitled to an evidentiary hearing on the claims summarily denied by the state courts.

### A. Standard of Review

Because Stanhope filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA") and subject to the restrictions set forth in 28 U.S.C. § 2244(b). *See Lindh v. Murphy*, 521 U.S. 320, 327 (1997).

### B. Second or Successive Petition

Respondent argues that the first claim in the Petition is an unauthorized "second or successive" claim that must be dismissed for lack of jurisdiction because it asserts a claim that was available to petitioner at the time he filed his second habeas petition. Under § 2244, a prisoner can file a second or successive habeas petition only after obtaining an authorization order from a three-judge panel in the appropriate court of appeals. 28 U.S.C. § 2244(b)(3); *see also Burton v. Stewart*, 549 U.S. 147 (2007) (*per curiam*) (District Court without jurisdiction to consider a "second or successive" petition if petitioner did not receive authorization from the court of appeals before filing his petition). No such order has been sought or granted.

While this Petition was preceded by two federal habeas petitions, the fact that "a prisoner has previously filed a federal habeas petition does not necessarily render a subsequent petition 'second or successive.' " *Hill v. State of Alaska*, 297 F.3d 895, 898 (9th Cir.2002). In *Hill*, the petitioner sought permission from the Court of Appeals to file a successive petition to raise a claim concerning the calculation of a mandatory parole release date that could not have been included in earlier petitions challenging the same conviction and sentence. The Ninth Circuit remarked that the AEDPA does not define the terms "second or successive," and that both the Supreme Court and the Ninth Circuit have interpreted the concept incorporated in this term of art as "derivative of the 'abuse-of-the-writ' doctrine developed in pre-AEDPA cases." *Hill,* 297 F.3d at 897-98 (citations

omitted). "An 'abuse-of-the-writ' occurs when a petitioner raises a habeas claim that could have been raised in an earlier petition were it not for inexcusable neglect." *Id*. at 898 (quoting *McCleskey v. Zant*, 499 U.S. 496, 493 (1991)). Consequently, the Ninth Circuit in *Hill* held that a subsequent petition is not necessarily "second or successive" if the prisoner did not have an opportunity to challenge the state's conduct in a prior petition, and found that because Hill could not have raised his claims challenging parole in his earlier petitions challenging his conviction and sentence, he was not obliged to secure the Court's permission prior to filing his habeas petition in the district court. *Id*. at 898-99. cf. *Magwood v. Patterson*, 561 U.S. 320, 346 (2010) (Kennedy J., dissenting) ("if the petitioner had no fair opportunity to raise the claim in the prior application, a subsequent application raising that claim is not 'second or successive,' and § 2244(b)(2)'s bar does not apply. This can occur . . . where the alleged violation occurred only after the denial of the first petition, such as the State's failure to grant the prisoner parole as required by state law").

      Recently, however, the Supreme Court addressed the contention that "the phrase 'second or successive' would apply to any claim that the petitioner had a full and fair opportunity to raise in a prior application [and] ... would not apply to a claim that petitioner did not have a full and fair opportunity to raise previously." *Magwood*, 561 U.S. at 335. The Supreme Court acknowledged the pre-AEDPA use of the "abuse-of-the-writ" approach in determining if a petition was "second or successive" but rejected that approach post-AEDPA, explaining that "second or successive" must be interpreted with respect to the judgment challenged, *id.* at 332-33, and stated the rule that "where ... there is a new judgment intervening between [ ] two habeas petitions ... an application challenging the new judgment is not second or successive at all." *Id.* at 341-42. The Court in *Magwood*, however, specifically declined to address precedents recognizing habeas petitions challenging the denial of good-time credits or parole, or "constrain the scope of § 2254 as we have previously defined it." *Id.*, at 338 n.12.

Subsequently, the Ninth Circuit examined the meaning of "second or successive"[4] and held that "[p]risoners may file second-in-time petitions based on events that do not occur until a first petition is concluded. A prisoner whose conviction and sentence were tested long ago may still file petitions relating to denial of parole, revocation of a suspended sentence, and the like because such claims were not ripe for adjudication at the conclusion of the prisoner's first federal habeas proceeding." *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) (per curiam) citing *Hill*, 297 F.3d at 898-99. *See also Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) (holding that statutory bar on "second or successive" petitions does not apply to claims that could not have been raised earlier because they were not yet ripe).

In this case, Petitioner's first claim is that the ADOC retroactively awarded Stanhope ERCs for time spent at the county jail prior to being sent to prison based on 2002 amendments to A.R.S. § 41–1604.07(A), but erred by failing to apply the ERCs to the sentence he was serving when the law became effective, instead applying the ERCs to a sentence that expired in April 1998, in violation of his right to due process. (Doc. 1, at 6.) As Respondents correctly assert, because this claim is based on 2002 changes in the law, it was ripe for adjudication at the time of Petitioner's most recent habeas petition filed in 2007, and he could have presented it then, but did not.

Petitioner argues he did not "discover" this claim until February 2011. (Doc. 31, at 3.) The Ninth Circuit, however, rejected a similar argument in *Buenrostro*, holding that despite the fact that Buenrostro did not discover that his attorney had failed to convey a plea offer before trial until after his first §2255 motion was concluded and that Buenrostro had no reason to know he could bring such a claim, the claim was ripe at the time of his first proceeding and the Court was unwilling to broaden the rule to permit claims that were ripe at the conclusion of a first habeas proceeding but were not discovered until afterwards. *Id.* at 725-26.  The relevant question for the second or

---

[4] The Ninth Circuit in *Buenrostro* assumed, without deciding, that the Supreme Court's interpretation of "second or successive" for purposes of § 2244(b)(2) applies to the same term in § 2255(h). *Buenrostro*, 638 F.3d at 723. The Court treats the sections identically here as well.

successive bar was not whether a petitioner knew of the claim during the first proceedings but whether it was ripe at that time. The Court finds that Petitioner's first claim in this Petition was ripe at the time Petitioner filed his second federal habeas petition and the District Court lacks subject matter jurisdiction to consider a second or successive petition. 28 U.S.C. § 2244(b)(3)(A); *Burton*, 549 U.S. at 157. In its present form, it must be dismissed.

Because Stanhope's Petition brings claims that are "second or successive" and other claims that are not, it is one of a "new breed of 'mixed' petition brought about as the result of the gatekeeping provisions" of the AEDPA. *Pennington v. Norris*, 257 F.3d 857, 858 (8th Cir. 2001). In this situation, some courts have addressed the claims that were properly before the District Court and dismissed or forwarded to the Court of Appeals claims for which the petitioner failed to obtain authorization from the Court of Appeals. *See Spitznas v. Boone*, 464 F.3d 1213, 1217 (10th Cir. 2006); *Lucas v. Salazar*, No. CV 10-00888-VAP (VBK), 2011 WL 1258253, *9 (C.D.Cal. Mar 7, 2011) *adopted* 2011 WL 1258145; *Morgan v. Ryan*, No. CV 10-2215-PHX-ROS (JFM), 2011 WL 6296763, at * (D.Ariz. Nov 28, 2011) *adopted*, 2011 WL 6296758. Other courts follow a procedure giving the petitioner the option of deleting his second or successive claims or of seeking authorization from the appropriate court of appeals. *See Pennington*, 257 F.3d at 859; *Longoria v. Schriro*, No. CV. 07-1957-PHX-JWS (GEE), 2008 WL 2687106 (D.Ariz. Jul 2, 2008) *adopted*, *see* 2008 WL 5460222. The undersigned finds that the latter approach is more consistent with the Supreme Court's emphasis in *Magwood* on the significance of the use of the phrase " 'second or successive' to modify 'application' " in § 2244, in opposition to an interpretation that would "make the phrase 'second or successive' modify claims as well." *Magwood*, 561 U.S. at 334-35 (citations and some internal quotations omitted). Though the relevance of *Magwood* to a petition challenging the administration of a sentence is less evident than its relevance to a petition challenging a judgment of conviction or sentence, *see id.* at 338 n.12 (noting that the ruling addresses only an application challenging a new state-court judgment for the first time), dismissal of some claims, but not others, would result in a claim by claim analysis disapproved of

by the Supreme Court in *Magwood*.

Accordingly,

IT IS ORDERED

(1) The Court will hold further proceedings on this Petition in abeyance until April 20, 2015, to afford Stanhope an opportunity to evaluate whether he wishes to file a petition advancing claims two (2) through seven (7).

(2) Any amended petition must be filed by April 20, 2015.

(3) If Petitioner fails to file either such an amended petition or an authorization from the court of appeals to pursue successive claims, the existing petition will be dismissed for lack of jurisdiction.

Dated this 6th day of March, 2015.

_____
Bernardo P. Velasco
United States Magistrate Judge